**In the Interest of: K.C.H.**

**No. ED 94458.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 23, 2010.

Vonnedele Phillips, Farmington, MO, for appellant.

Tammy Steward, David Orzel, Jill McKay, Farmington, MO, Gary Gardner, Missouri Attorney General's Jefferson City, MO, Catherine Keefe, Clayton, MO, Brad Zee, Potosi, MO, for respondents.

Before MARY K. HOFF, P.J., SHERRI B. SULLIVAN, J., and NANNETTE A. BAKER, J.

### ORDER

PER CURIAM.

Carl Hedrick ("Father") appeals from a judgment terminating his parental rights to his daughter, K.C.H. He claims seven points on appeal asserting that the trial court erred in: (1) refusing to grant paternal grandmother an evidentiary hearing on her motion to intervene in the termination of parental rights ("TPR") case; (2) deny-

ing Father's timely filed motions to disqualify the trial court because the TPR was a separate proceeding from the earlier abuse and neglect case; (3) terminating Father's parental rights by finding that Father had failed to comply with the social services plan to stay free from drugs and that he had neglected and sexually abused K.C.H.; (4) terminating Father's parental rights by finding that K.C.H. had been in foster care for fifteen of the most recent twenty-two months; (5) finding clear and convincing evidence that Father committed a severe act of sexual abuse against his daughter; (6) and abused its discretion in overruling Father's objections to the Juvenile Officer playing a videotape of K.C.H.'s forensic interview; and (7) terminating Father's parental rights in that no social and investigative study was timely filed as required under Section 211.455.[1]

In a separate appeal consolidated with Father's appeal, Debbie DiMeo ("Grandmother"), appeals from the trial court's denial of her motion to intervene. Grandmother claims two points on appeal. First, she claims the trial court erred in denying her motion to intervene in the TPR case without holding an evidentiary hearing. Second, she claims the trial court erred in denying her motion to intervene on the basis of *res judicata*.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).